ANN J. WILSON v. FRANK BOOTH.

*Damages for selling liquor to habitual drunkards.*

1. Damages are recoverable at the suit of a wife against a saloonkeeper for selling liquor to her husband against her protest when he knows the husband to be an habitual drunkard, if the husband while drunken with the liquor so sold him commits an assault and battery on the wife.

2. The testimony of an eye-witness that a man at the bar of a saloon was furnished with a glass containing liquor that looked liked beer and that he paid for it, and was presently thereafter very much intoxicated, is evidence tending to show that intoxicating liquor had been sold to him.

Appeal from Genesee. (Newton, J.) June 2.—June 10.

CASE. Defendant brings error. Affirmed.

*Durand & Carton* for appellant.

*Long & Gold* for appellee, cited *Kehrig v. Peters* 41 Mich. 476.

CAMPBELL, J. Plaintiff recovered damages from defendant, a saloonkeeper, for selling intoxicating liquor to her husband, contrary to her notice forbidding it. The declaration showed the husband's habit of intoxication, and defendant's knowledge of it, and plaintiff's express notice not to sell, and a sale contrary thereto. It further averred that by reason of such drink furnished by defendant to the husband while intoxicated, his intoxication became extreme, and he attacked plaintiff while in care of her children, and hurt her by striking her with a chair on the head, whereby she was disgraced and suffered damage.

Defendant pleaded to this declaration, but on the trial objected that it set out no cause of action. It, however, sets out in the clearest terms an assault and battery by plaintiff's husband while intoxicated by liquor furnished by defendant

unlawfully in the way alleged. The assault is a definite injury, and it was connected by allegation with defendant's wrong. That was enough to furnish a sufficient ground for damages.

Defendant also claimed the court erred in not directing the jury to find that no cause of action was made out. We think there was enough to go to the jury.

The testimony showed the habits of the husband, and that defendant had been repeatedly warned not to furnish him liquor. It further showed that defendant was a saloonkeeper, and that on the occasion in question plaintiff's husband, having come home drunk and made a disturbance, went out again, followed by his son and another lad, and entered defendant's saloon, and went up to the bar, and was furnished a glass of liquor which looked like beer, which he paid for. He then returned home, and committed the violence complained of, and was, as shown, very much intoxicated. It seems to us there was evidence from which the jury might find that the liquor furnished was intoxicating. It would be very difficult for one who did not himself taste the liquor to prove such an offense in any other way.

Defendant objects that the court improperly shut out a conversation which he had with the husband on the evening when the liquor is claimed to have been furnished. We need not decide how far this was admissible, as the record shows the judge actually allowed the whole to come in. We find no testimony of damages beyond those which were the natural and direct consequences of the wrong, and we think the verdict was given upon a sufficient showing in all respects, and shows no sign of extravagance or perverseness. It is a reasonable verdict.

The judgment must be affirmed.

The other Justices concurred.